[Cite as *Norman v. Norman*, 2018-Ohio-3641.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MARK A. NORMAN | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| MELISSA A. NORMAN | : | Case No. 2018 AP 02 0007 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 2016 TC 07 0297

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      September 7, 2018

APPEARANCES:

For Plaintiff-Appellee

BRADLEY L. HILLYER
201 North Main Street
Uhrichsville, OH 44683

For Defendant-Appellant

JEFFREY JAKMIDES
325 East Main Street
Alliance, OH 44601

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Melissa A. Norman, appeals the January 18, 2018 judgment entry of the Court of Common Pleas of Tuscarawas County, Ohio on the issue of child support.  Plaintiff-Appellee is Mark A. Norman.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   Appellant and appellee were married on June 13, 2005.  Two children were born as issue of the marriage.  On July 8, 2016, appellee filed a complaint for divorce.

{¶ 3}   A hearing before a magistrate was held on August 10, 2017.  By decision filed October 6, 2017, the magistrate recommended a deviation in child support to zero for appellee, the obligor.  Appellant filed objections.  By judgment entry filed January 18, 2018, the trial court modified the decision in part, but upheld the magistrate's zero child support recommendation.

{¶ 4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 5}   "THE TRIAL COURT ERRED IN PROVIDING FOR ZERO CHILD SUPPORT ON THE BASIS OF A DEVIATION DUE TO THE CHILDREN'S TIME SPENT WITH EACH PARTY.  THE APPELLANT HAS THE CHILDREN IN HER PHYSICAL CARE FOR 70% OF TOTAL TIME SPENT WITH THE PARTIES.  FURTHER, IT APPEARS THE TRIAL COURT MADE A MATHEMATICAL ERROR EVEN IN COMPUTING CHILD SUPPORT BASED ON ITS STATED 60/40 ASSUMPTION. THESE ERRORS RESULTED IN THE DISMISSAL OF APPROXIMATELY $1,750 PER YEAR IN OWED SUPPORT AS INCONSEQUENTIAL, RESULTING IN THE ZERO-

SUPPORT ORDER. AS THESE ERRORS WERE CLEARLY UNREASONABLE AND FLY IN THE FACE OF MATHEMATICAL REALITY, THEY CONSTITUTE REVERSIBLE ERROR."

I

{¶ 6} In her sole assignment of error, appellant claims the trial court erred in its calculation of child support. We disagree.

{¶ 7} Determinations on child support are within a trial court's sound discretion. *Booth v. Booth,* 44 Ohio St.3d 142, 541 N.E.2d 1028 (1989). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 8} Appellant argues the trial court erred in ordering a deviation resulting in zero child support. Specifically, appellant argues the trial court erred in determining the amount of companionship time assigned to appellant and then made a mathematical error involving the stated time.

{¶ 9} Pursuant to an agreed magistrate's order filed April 28, 2017, the parties reached the following partial agreement as to custody:

**During the School Year:**

On Mondays Mother has the children.

On Tuesdays Father has the children from when school lets out and keeps them overnight and gets them to school Wednesday morning.

On Wednesdays, Mother picks up the children after school and keeps them overnight.

On Thursday, Father picks up the children after school and keeps them until 8:00 p.m.

The parties would then alternate companionship time with the Norman children every other weekend from Friday when school gets out until Sunday at 7:00 p.m.

**– The schedule then repeats. –**

**During the Summer:**

The parties shall alternate a week on week off schedule with the children from Sunday at 7:00 p.m. to Sunday at 7:00 p.m.

{¶ 10} In its decision filed October 6, 2017, the magistrate recommended: "There should be a zero child support order, as because of the deviation related to time spent with the children and the parties have similar income, the amount would be less than $50.00 per month."  Appellant objected, arguing there should be no deviation in child support based upon the amount of time the parties have the children in their care.  In its judgment entry filed January 18, 2018, the trial court overrule the objection, adding the following to the magistrate's decision:

9(A). A deviation in child support is appropriate based upon the amount of time each party spends with the children.  The children spend approximately 60 percent of the time with their mother and 40 percent of the

time with their father.  The parties have similar incomes.  Based on these

factors, the guideline child support amount would be less than $50.00 per

month when health insurance is provided.  (Footnote omitted.)

{¶ 11} The trial court recalculated the child support based upon this modification

and others and determined the guideline child support would still be less than $50.00 per

month when health insurance is provided.  The trial court concluded, "[t]here shall be a

zero child support order."

{¶ 12} Appellant argues the children are with her 70 percent of the time, not 60.

Appellant counts the time the children are sleeping at her home.  While we acknowledge

there is work involved in waking the children and sending them off to school, we find any

companionship time discrepancy to be nominal.  Based upon the parties' agreement as

cited above, a near 50 percent division of companionship time during waking hours, we

do not find the trial court abused its discretion in finding an approximate 60/40 split.

{¶ 13} Appellant acknowledges the monthly difference is less than $50.00, but

argues "this is only the case when no adjustment is made for companionship time."

Appellant's Brief at 5.  When adjusted to reflect the 60/40 split, the monthly difference is

$76.95, annualized to $923.38 which appellant argues is "not a trivial amount."  In her

brief at 6, appellant argues the trial court "made it clear that the decision to award no child

support was predicated *at least in part* on the assumption that the difference in awards

amounted to 'less than $50.00'."  (Emphasis added.)  As appellant herself pointed out,

"the less than $50.00" reference was a *part* of the trial court's decision.  The trial court

recalculated the amounts and determined the "less than $50.00 per month" was when

health insurance was provided and noted "[t]his result is partly due to changes in the child support calculations based upon changes in tax law." January 18, 2018 Judgment Entry at fn. 1. As per the Child Support Heath Care Determinations worksheet attached to its judgment entry, the trial court took into account the time spent with the children and the substantially similar incomes.

{¶ 14} In addition, as appellee correctly points out, the trial court imputed income to appellant from a twenty-four hour work week to a forty hour work week, but did not increase appellant's tip money in correlation. The trial court assigned additional income in the form of tips to appellant based on a twenty-four hour work week, thereby undervaluing her income.

{¶ 15} Upon review, we find the trial court did not abuse its discretion in its calculation of child support.

{¶ 16} The sole assignment of error is denied.

{¶ 17} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Hoffman, J. concur.

EEW/db 824